**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>Tyler Jay Fink,<br><br>      Debtor. | Case No. 25-14168 KHT<br>Chapter 13 |

**ORDER DENYING MOTION TO REINSTATE**

THIS MATTER comes before the Court on the Motion to Vacate Order of Dismissal and Reinstate Chapter 13 Case (the "Motion," docket #55), filed by Debtor Tyler Jay Fink ("Debtor"), pro se. The Court has reviewed the Motion and the file, is fully advised in the premises, and hereby finds and concludes as follows:

Debtor filed his Chapter 13 bankruptcy petition on July 3, 2025. On that same date, he filed an Application to Pay Filing Fee in Installments (the "Application," docket #3). The Court granted the Application but extended the deadlines Debtor had proposed. As set forth in the Court's Order (docket #5), the following payments were due on the following dates:

- $126 by July 17, 2025
- $96 by August 14, 2025
- $91 by September 11, 2025

On July 16, 2025, Debtor filed a Motion to Extend Time to File Required Documents and Request for Short Grace Period on Installment Payment (the "Extension Request," docket #10), requesting an extension of the July 17, 2025, installment payment date to July 24, 2025. The Court granted the Extension Request by Order entered July 17, 2025 (docket #13).

On July 23, 2025, Debtor filed a Motion to Extend Deadline to Submit Installment Payment of Filing Fee (the "Second Extension Request," docket #18), requesting an extension of the July 24, 2025, installment payment date to August 1, 2025. The Court granted the Second Extension Request by Order entered July 25, 2025 (docket #19). The Court's docket reflects Debtor made the $126 installment payment on August 4, 2025.

Debtor's next installment payment was due August 14, 2025. He did not make the installment payment when due, nor did he seek an extension of time before the deadline expired. On August 20, 2025, the Court issued a Notice of Impending Dismissal (the "Notice," docket #39), which provided as follows:

> To: Tyler Jay Fink
>
> YOU HAVE failed to pay an installment fee required by a Court Order

>   previously entered in your case.
>
>   NOTICE IS HEREBY GIVEN that the past-due installment payment must be received by the Court within **14 days** of the date of this Notice. **The remaining filing fee installment schedule set forth in the Court's prior Order is unchanged.** This is the final notice for payment of the past-due installment payment and remaining installment payment(s).
>
>   **You must meet all future payment deadlines, as failure to make any payment by the deadline in this Notice or any deadline previously established by the Court will result in the dismissal of the case without further notice to the Debtor(s).**
>
>   Court fees may be paid in one of two ways: 1) online by debit card, PayPal, or ACH at https://www.cob.uscourts.gov/online-payments, or scan the QR code at the bottom, or 2) in person or by mail with cashier's checks or money orders made out to "Clerk, U.S. Bankruptcy Court" at the U.S. Bankruptcy Court, 721 19th Street, Denver, CO 80202.

Notice at 1 (emphasis in the original). As set forth in the Notice, Debtor's case would be dismissed if the second installment payment were not made by September 3, 2025. The Court's docket reflects Debtor made the second installment payment on September 3, 2025.

Meanwhile, Debtor did not properly prosecute his Chapter 13 case. His Chapter 13 petition was not accompanied by all required statements, schedules, and Chapter 13 plan, as set forth in the Court's Notice of Deficiency entered July 7, 2025 (docket #6). His Chapter 13 plan (docket #33) did not comply with applicable rules, as set forth in the Court's Order entered August 8, 2025 (docket #36). On August 12, 2025, the Chapter 13 Trustee filed a Motion to Dismiss (the "Motion to Dismiss," docket #38), stating Debtor had failed to attend his Meeting of Creditors on July 29, 2025, had failed to attend the rescheduled Meeting of Creditors on August 12, 2025, and had failed to make the payments proposed in his plan. Objections to the Motion to Dismiss were due August 26, 2025. Debtor filed an untimely response on August 27, 2025 (docket #46).

By Order entered August 28, 2025, the Court set the Motion to Dismiss and the Debtor's objection thereto for telephonic hearing to be held Wednesday, September 10, 2025, at 1:30 p.m. At that hearing, at which Debtor appeared by telephone, the Court instructed Debtor he needed to take the case seriously, making his plan payments, attending his further rescheduled meeting of creditors, and making his remaining installment payment on time, failing which his case would be dismissed. Debtor assured the Court the remaining installment payment, due September 11, 2025, would be paid on time.

Debtor did not pay the remaining installment payment on time or within ten days thereafter. By Order entered September 22, 2025 (docket #54), the Court dismissed Debtor's bankruptcy case.

On September 23, 2025, Debtor filed his Motion, accompanied by the remaining installment payment due. Debtor provided no explanation for his failure to timely pay the fee.

A motion to reinstate is deemed to seek relief under Fed. R. Civ. P. 60(b), incorporated in bankruptcy proceedings by Fed. R. Bankr. P. 9024. *In re Murphy*, 493 B.R. 576, 579-80 (Bankr. D. Colo. 2013). Under Rule 60(b)(1), a court "may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." The Tenth Circuit Court of Appeals has defined "excusable neglect" as follows:

> "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence." More generally, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.' The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. [citations omitted].
>
> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395, 113 S. Ct. 1489 (discussing application of the excusable neglect standard of Fed. R. Bankr. P. R. 9006(b)(1)). Relevant factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. "'[F]ault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable.'" *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)). An additional consideration is whether the moving party's underlying claim is meritorious. *See Cessna Fin. Corp.*, 715 F.2d at 1444-45 (discussing, in the context of a motion to set aside a default judgment, the need to avoid frivolous litigation).

*Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005), *cited in In re Jacobs*, No. 18-12634-T13, 2019 WL 1421428, at *3-4 (Bankr. D.N.M. Mar. 27, 2019) (denying motion to reinstate).

Here, the Court agrees Debtor has neglected the Court's orders and deadlines, but the Court cannot find his neglect to be excusable. The Court made clear at the September 10 hearing Debtor's delays and failures to properly prosecute his case could not continue. Debtor did not heed the Court's warning. His continued delays and failures

to prosecute his case have prejudiced his creditors and the Chapter 13 Trustee's ability to administer his case. The Court cannot find good cause to grant the Motion.

The Court cautions Debtor that, should he choose to file a new bankruptcy case, he will not be allowed to pay the filing fee in installments. He will be required to pay the full filing fee at the time the new case is filed, failing which the new case will be dismissed without further opportunity for hearing. Additionally, in the new case, Debtor will be expected to comply with all applicable deadlines and rules of procedure.

Accordingly, it is

HEREBY ORDERED that the Motion is DENIED.

Dated September 25, 2025

BY THE COURT:

_____
Kimberley H. Tyson
United States Bankruptcy Judge